ORIGINAL

JOHN HARRIS PAER      #1551-0
41 B Kepola Place
Honolulu, Hawaii  96817
Telephone:  (808) 595-7179
Facsimile:  (808) 595-3918
email: paerj001@hawaii.rr.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 0 7 2006

at ____ o'clock and ___ min. __M
SUE BEITIA, CLERK

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARY FARRELL, | ) CIVIL NO. **CV06 00425** JMS LEK |
| | ) |
| Plaintiff, | ) COMPLAINT; EXHIBITS "A-F"; |
| | ) SUMMONS |
| vs. | ) |
| | ) |
| NCO FINANCIAL SYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

COMPLAINT

COMES NOW Plaintiff, by and through his undersigned
attorney and alleges as follows:

INTRODUCTION

1.   This Complaint is filed and these proceedings are
instituted under the "Fair Debt Collection Practices Act" 15 U.S.C.
Section 1692, et seq., to recover actual and statutory damages,
reasonable attorney's fees and costs of suit by reason of the
Defendant's violations of that Act.  Plaintiff seeks actual and
statutory damages arising out of Defendant's misrepresentations and
failure to make required disclosures in the collection of an
alleged debt.

JURISDICTION

2.   The jurisdiction of this Court is invoked pursuant to 15 U.S.C.A. Section 1692k(d) and 28 U.S.C.A. Section 1337.   The supplemental jurisdiction of this Court is invoked over Count II of the Complaint, which arises under Chapters 443B and 480 of the Hawaii Revised Statutes.

PARTIES

3.   Plaintiff is a natural person and is a resident of the State of Hawaii.

4.   Defendants is a corporation doing business in the State of Hawaii as a collection agency and debt collector, and is subject to the jurisdiction of this Court.

FACTS

5.   Within the year prior to the filing of this action, Defendant has been attempting on behalf of a third party to collect an alleged debt from Plaintiff.

6.   On or about April 28, 2006, Defendant sent a collection letter to Plaintiff.   A true copy of that letter is attached hereto as Exhibit "A".

7.   On May 12, 2006, Plaintiff sent a letter to Defendant disputing the debt.   A true copy of that letter is attached hereto as Exhibit "B".

8.   On May 20, 2006, Plaintiff sent another letter to Defendant requesting verification of the debt.   A true copy of that letter is attached hereto as Exhibit "C".

9.   Shortly after May 3, 2006 and again on May 25, 2006, Defendant sent collection letters to Plaintiff.   True copies of those letters are attached hereto as Exhibits "D" and "E".

10.   On June 1, 2006, Defendant responded to Plaintiff's dispute and request for verification, though its response was insufficient.   A true copy of that letter is attached hereto as Exhibit "F", without attachments.

11.   During this period, Defendant has improperly contacted Plaintiff by calling at improper times, by calling Plaintiff directly when it knew that Plaintiff was represented by counsel, and otherwise harassed Plaintiff via telephone.

12.   Plaintiff does not owe the amounts claimed by Defendant, and this was known or should have been known by Defendant.

13.   The underlying debt was incurred primarily for personal, family, or household purposes.

<u>COUNT I</u>

14.   Plaintiff realleges and incorporates paragraphs 1 through 13 of this Complaint.

15.   Defendant has violated the Fair Debt Collection Practices Act in the following ways:

(a)   Defendant has used false, deceptive and misleading misrepresentations in connection with the collection of the above claim in violation of 15 U.S.C. §1692e.

(b)   Defendant has used unfair means to collect and to attempt to collect the above claim in violation of 15 U.S.C. §1692f.

(c)   Defendant has not sent to Plaintiff the proper notices and/or verifications required by the Act in violation of 15 U.S.C. §1692g.

(d) Defendant has violated 15 U.S.C. §1692c.

(e) Defendant has violated 15 U.S.C. §1692d.

<u>COUNT II</u>

16.   Plaintiff realleges and incorporates paragraphs 1 through 15 of this Complaint.

17.   Defendant has violated Chapters 443B and 480 of the Hawaii Revised Statutes as alleged above.

18.   Defendant's violations of HRS Chapter 443B and of the Fair Debt Collection Practices Act constitute unfair and deceptive acts or practices in violation of H.R.S. Chapter 480.

19.   Defendant's contacts, demands and disclosures in connection with the above-described collection were immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff as a consumer, and were unfair and deceptive, in violation of H.R.S. Chapter 480.  The acts and representations of Defendant described herein had the capacity of deceive Plaintiff.

20.  Plaintiff has suffered injury to his property in an amount to be proved at trial, by reason of Defendant's violations.

WHEREFORE, Plaintiff prays that the Court:

AS TO COUNT I

1.   Award Plaintiff his actual damages as will be proved.

2.   Award Plaintiff statutory damages of $1000.00.

AS TO COUNT II

3.   Award Plaintiff damages in the amount of three times the injury to his property, but not less than $1000.00.

AS TO ALL COUNTS

4.   Award Plaintiff reasonable attorneys' fees and costs.

5.   Award Plaintiff other appropriate relief.

DATED:  Honolulu, Hawaii, _August 4, 2006_____.

_____
JOHN HARRIS PAER
Attorney for Plaintiff